1  Michael Zoldan; AZ Bar No. 028128
2  Jason Barrat; AZ Bar No. 029086
   **ZOLDAN LAW GROUP, PLLC**
3  5050 N. 40th St., Suite 260
   Phoenix, AZ 85018
4  Tel & Fax: 480.442.3410
5  mzoldan@zoldangroup.com
   jbarrat@zoldangroup.com
6
7  Attorneys for Plaintiff

8
                   **UNITED STATES DISTRICT COURT**
9
                      **DISTRICT OF ARIZONA**
10

11  **Alexandria   Sisneros**,   an   Arizona        **Case No.**
    resident
12
                        Plaintiff,
13
14      v.                                          **VERIFIED COMPLAINT**

15  **Sunrise   Restaurants,   LLC   d/b/a
    Dennys,** an Arizona company; **Ronald
16  Spongberg,** a California resident; **Vickie
    Daneker,** an  Arizona  resident;  and
17  **Jeannette   Skandalaris,**   an   Arizona
    resident;
18                                                  **(Jury Trial Requested)**
19
                        Defendants.
20

21      Plaintiff Alexandria Sisneros for her Verified Complaint against Defendants Sunrise

22  Restaurants, LLC d/b/a Dennys ("Sunrise Restaurants, LLC); Ronald Spongberg; Vickie

23  Daneker; and Jeannette Skandalaris; hereby allege as follows:

24
                          **NATURE OF THE CASE**
25

26      1.    Plaintiff brings this action against Defendants for their unlawful retention of

27  Plaintiff's tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

28  (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip**

**Violation**").

2.     This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5.     Plaintiff was employed by Defendants in this District.

## PARTIES

6.     At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

7.     Plaintiff Alexandria Sisneros is/was a full-time employee of Defendants between in or around May 2021 to the present.

8.     At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9.     Sunrise Restaurants, LLC is a company authorized to do business in Arizona.

10.     Sunrise Restaurants, LLC is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

11.     Defendant Ronald Spongberg is a California resident.

12.     Defendant Ronald Spongberg has directly caused events to take place giving

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

rise to this action.

13.     Defendant Ronald Spongberg is an employer of Sunrise Restaurants, LLC.

14.     Defendant Ronald Spongberg is a member of Sunrise Restaurants, LLC.

15.     Defendant Ronald Spongberg is an owner of Sunrise Restaurants, LLC.

16.     Defendant Ronald Spongberg has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17.     The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Therefore, under the FLSA, Defendant Ronald Spongberg is an employer.

18.     As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ronald Spongberg is subject to individual and personal liability under the FLSA.

19.     Defendant Vickie Daneker is an Arizona resident.

20.     Defendant Vickie Daneker has directly caused events to take place giving rise to this action.

21.     Defendant Vickie Daneker is a manager at Sunrise Restaurants, LLC.

22.     Defendant Vickie Daneker is a supervisor at Sunrise Restaurants, LLC.

23.     Defendant Vickie Daneker has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

24.     The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Therefore, under the FLSA, Defendant Vickie Daneker is an employer.

25.     Defendant Vickie Daneker supervised and controlled Plaintiff's work

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

schedules or the conditions of Plaintiff's employment.

26.     Defendant Vickie Daneker would instruct Plaintiff to complete restaurant tasks such as cleaning and rolling silverware during her shifts.

27.     Defendant Vickie Daneker determined the rate and method of Plaintiff's payment of wages.

28.     Defendant Vickie Daneker would tip out Plaintiff at the end of her shifts.

29.     As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Vickie Daneker is subject to individual and personal liability under the FLSA.

30.     Defendant Jeannette Skandalaris is an Arizona resident.

31.     Defendant Jeannette Skandalaris has directly caused events to take place giving rise to this action.

32.     Defendant Jeannette Skandalaris is a manager at Sunrise Restaurants, LLC.

33.     Defendant Jeannette Skandalaris is a supervisor at Sunrise Restaurants, LLC.

34.     Defendant Jeannette Skandalaris has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

35.     The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Therefore, under the FLSA, Defendant Jeannette Skandalaris is an employer.

36.     Defendant Jeannette Skandalaris supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

37.     Defendant Jeannette Skandalaris would instruct Plaintiff to complete restaurant tasks such as cleaning and rolling silverware during her shifts.

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

38.     Defendant Jeannette Skandalaris determined the rate and method of Plaintiff's payment of wages.

39.     Defendant Jeannette Skandalaris would tip out Plaintiff at the end of her shifts.

40.     As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Jeannette Skandalaris is subject to individual and personal liability under the FLSA.

41.     Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

42.      Defendants, and each of them, are sued in both their individual and corporate capacities.

43.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

44.     Upon a good faith reasonable belief, Defendant Sunrise Restaurants, LLC, had an annual gross sale of at least $500,000 in 2021.

45.     Upon a good faith reasonable belief, Defendant Sunrise Restaurants, LLC, will have annual gross sales of at least $500,000 in 2022.

46.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

47.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

48.     At all relevant times, Plaintiff, in her work for Defendants, regularly used

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

instrumentalities of interstate commerce.

49.     Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

50.     Plaintiff handled credit cards transactions for Defendants.

51.     Plaintiff is a covered employee under individual coverage.

52.     Plaintiff is a covered employee under enterprise coverage.

## **FACTUAL ALLEGATIONS**

53.     The Defendant entity is a Denny's restaurant.

54.     On or around May 2021, Plaintiff Alexandria Sisneros commenced employment with Defendants as a server.

55.     Plaintiff works/worked at the St. Mary's and Irvington locations.

56.     Plaintiff's primary job duties include cashing out customers, delivering food and drinks, and taking orders.

57.     At all relevant times, Plaintiff was paid at a rate of $9.35 an hour plus tips.

58.     Plaintiff was not provided her proper tips that she had earned.

59.     Plaintiff's managers would receive or defer Plaintiff's tips.

60.     Plaintiff's managers would receive portions of tips that were earned by the waitstaff including Plaintiff.

61.     Defendant Vickie Daneker illegally received tips.

62.     Defendant Jeannette Skandalaris illegally received tips.

63.     For example, Defendant Vickie Daneker would transfer Plaintiff's tables to her name so she would receive Plaintiff's credit card tips.

64.     On January 4, 2022, Plaintiff worked from 1:00 pm until 10:00 pm.

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

65.     Plaintiff realized that her receipts showed that she had only had 4 tables during this entire period and had only earned $36.00 in credit card tips.

66.     When Plaintiff looked at the receipts, most of her tables had been transferred over to Defendant Vickie Daneker's name.

67.     Plaintiff estimates that she would usually make around $90 in credit card tips during a nine-hour shift.

68.     On March 4, 2022, Plaintiff was approached by coworker Christie (surname unknown).

69.     Christie explained that she owed Plaintiff money.

70.     Christie further explained that Defendant Jeannette Skandalaris had forced her to forge her name on Plaintiff's tip out receipts and keep $30 of Plaintiff's credit card tips.

71.     During the year that Plaintiff was working at the St. Mary's location, she did not receive any of her OLO to-go order credit card tips.

72.     Plaintiff asked Defendant Vickie Daneker about the tips, and she always told Plaintiff that there weren't any.

73.     Plaintiff had a meeting with the District Manager about the OLO tips, and she was reimbursed $125.

74.     $125 is not an accurate amount for OLO tips since May 2021.

75.     Plaintiff has only started receiving OLO tips at the Irvington location since on or around March, 14, 2022.

76.     Plaintiff did not receive any OLO credit card tips from the Irvington location prior to this date.

77.   Plaintiff's manager or supervisor received these tips.

78.   Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

79.   Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

80.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

81.   On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

82.   The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

83.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

84.   Plaintiff is an employee entitled to all of her tips.

85.   Defendants' managers and / or supervisors kept portions of Plaintiff's tips.

86.   In addition to the amount of unpaid tipped wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

87.   Defendants' actions in failing to properly compensate Plaintiff, in violation

ZOLDAN LAW GROUP, PLLC
5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

of the FLSA, were willful.

88.     Defendants have not made a good faith effort to comply with the FLSA.

89.     Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## <u>CONCLUSION AND PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays:

A.      For the Court to declare and find that the Defendants committed the following act:

i.       violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

ii.      willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

B.      For the Court to award an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

C.      For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.      For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.      For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Any other remedies or judgments deemed just and equitable by this Court

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com

RESPECTFULLY SUBMITTED March 29, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    5050 N. 40ᵗʰ St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiff

1

## **<u>VERIFICATION</u>**

2

3          Plaintiff declares under penalty of perjury that she has read the foregoing Verified

4 Complaint and is familiar with the contents thereof. The matters asserted therein are true

5 and based on her personal knowledge, except as to those matters stated upon information

6 and belief, and as to those matters, she believes them to be true.

7

8

9                                        _____

10                                        Alexandria Sisneros

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@zoldangroup.com